**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER LESLIE SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>MR. G. GUTIERREZ, Warden,<br><br>    Respondent. | Case No. 2:21-cv-04668-GW (AFM)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

    Petitioner is a federal prisoner serving a sentence imposed by the United States District Court for the Western District of Louisiana. On April 30, 2021, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Originally filed in the Northern District of California, the matter was transferred to this Court on June 8, 2021. The petition does not purport to challenge Petitioner's conviction or sentence, but instead challenges prison conditions. (ECF 1 at 2.) Specifically, Petitioner alleges that he has not been provided medical treatment for his numerous health conditions, including melanoma, actinic keratosis, a heart condition, and vascular issues with his legs. Petitioner further alleges that he has a BMI over 30, and has smoked for more than 25 years. (ECF 1 at 3-4.) For the following reasons, the petition is dismissed without prejudice.

## DISCUSSION

A habeas petition is the proper mechanism for a prisoner to challenge the legality or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). When a prisoner challenges the conditions of confinement rather than the fact or duration of confinement, the legal remedy lies in a civil rights action. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.") (internal quotations and citations omitted).

Petitioner's claims here – all of which challenge allegedly unlawful conditions of his confinement – may not be brought by way of a habeas corpus action. Instead, Petitioner may attempt to assert such claims through a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Perea v. Ives*, 2013 WL 256934, at *1 (C.D. Cal. Jan. 22, 2013) (federal prisoner's claim alleging inadequate medical care relates to his conditions of confinement and must be raised in a civil rights complaint under *Bivens*, and not in a § 2241 petition).

While a federal court has discretion to construe a habeas corpus petition as a civil rights complaint, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam), the Court declines to do so in this case. *See Nettles*, 830 F.3d at 936 (district court may construe a petition for habeas corpus as a civil rights action after notifying and obtaining informed consent from the prisoner). To begin with, the petition does not appear to name "the correct defendants." The petition names the Warden as Respondent, rather than the prison officials of whose alleged actions or inaction Petitioner complains. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (federal inmate's habeas petition challenging deficient medical care was not amenable to conversion to a civil rights action because inmate had named the warden as the respondent).

More importantly, because a habeas corpus action and a prisoner civil rights suit differ in a variety of respects, including filing fees, the means of collecting them, and restrictions on future filings, recharacterization may be "disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d at 935-936 (quoting *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011)). Thus, conversion of the present petition into a *Bivens* complaint would be inappropriate. *See Nunez v. Pliler,* 2020 WL 5880461, at *2 (C.D. Cal. Oct. 1, 2020) (conversion of habeas corpus petition into a *Bivens* complaint inappropriate where petition did not name prison officials and considering significant difference in procedural requirements between habeas corpus and civil rights actions); *Jorgenson v. Spearman*, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters").[1]

///
///
///
///
///

---

[1] To the extent that Petitioner seeks release due to prison conditions, the present petition is duplicative of an earlier-filed petition. *See Smith v. Gutierrez*, Case No. 2:21-cv-01213-GW (AFM). That petition raised four claims, including that (1) Petitioner is entitled to compassionate release due to skin cancer and actinic keratosis, conditions for which he has not been treated while incarcerated; and (2) Petitioner is entitled to compassionate release because he has various health issues (that presumably increase his risk should he contract Covid-19). The earlier-filed action is fully briefed, and a report and recommendation has been issued recommending that the petition be dismissed without prejudice. Because this later-filed petition is duplicative of the current petition, the Court may exercise its discretion to dismiss this later petition without prejudice. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (district court has discretion to dismiss a duplicative later-filed action), *overruled on other grounds, Taylor v. Sturgell,* 553 U.S. 880, 904 (2008); *see generally Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (stating that federal courts retain broad discretion to control their dockets and "prevent duplicative or unnecessary litigation").

**ORDER**

IT IS THEREFORE ORDERED that the current petition is dismissed without prejudice.

DATED: August 3, 2021

_____
GEORGE H. WU
UNITED STATES DISTICT JUDGE